**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Crim No.: 3:09-cr-00007-DRH |
| | ) | |
| **LARRY A. BECHEL,** | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

**A. Order for Detention**

This matter is before the court on the Motion for Detention filed by the government on January 22, 2009 (Doc. 9). The motion is **GRANTED**. After conducting a detention hearing pursuant to **18 U.S.C. § 3142(f) of the Bail Reform Act**, the Court orders the above-named defendant detained pursuant to **18 U.S.C. § 3142(e) and (i).**

**B. Statement of Reasons for the Detention**

The Court orders the defendant's detention because it finds:
__ By a preponderance of the evidence that no condition or combination of conditions will will reasonably assure the appearance of the defendant as required.
_X_ By clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community.

**C. Findings of Fact**

The Court's findings are based on the evidence which was presented in Court and that which was contained in the Pretrial Services Report, and includes the following:
_X_ 1. Nature and circumstances of the offense charged:
  _X_ a. The crime:
    **Count 1**: **Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2251(c)(1)(B).**
    **Penalty: A term of imprisonment of not less than 15 years but not more than 30 years, a fine of up to $250,000, and a term of supervised release of not less than 5 years.**
    **Count 2: Transportation of Child Pornography, in violation of 18 U.S.C. §2252A(a)(1).**
    **Penalty: A term of imprisonment of not less than 5 years but not more than 20 years, a fine of up to $250,000, and a term of supervised release of not less than 5 years.**
    **Count 3: Possession of Child Pornography, in violation of 18 U.S.C. §2252(a)(5)(B).**

1

**Penalty: A term of imprisonment of not more than 10 years, a fine of up to $250,000, and a term of supervised release of not less than 5 years.**
  _X_ b. The offense is a crime of violence.
  ___ c. The offense involves a narcotic drug.
  ___ d. The offense involves a large amount of controlled substances, to wit:

_X_ 2. The weight of the evidence against the defendant is high.
_X_ 3. The history and characteristics of the defendant including:
   a. General Factors:
      ___ The defendant appears to have a mental condition which may affect whether the defendant will appear.
      ___ The defendant has no family ties in the area.
      ___ The defendant has no steady employment.
      ___ The defendant has no substantial financial resources.
      ___ The defendant is not a long-time resident of the community.
      ___ The defendant does not have any significant community ties.
      ___ Past conduct of the defendant: _____

      ___ The defendant has a history relating to drug abuse
      ___ The defendant has a history relating to alcohol abuse.
      ___ The defendant has a significant prior criminal record.
      ___ The defendant has a prior record of failure to appear at court proceedings.
   b. Whether the defendant was on probation, parole, or release by a court:
      At the time of the current arrest, the defendant was on:
      ___ Probation
      ___ Parole
      ___ Release pending trial, sentence, appeal or completion of sentence.
   c. Other Factors:
      ___ The defendant is an illegal alien and is subject to deportation.
      ___ The defendant is a legal alien and will be subject to deportation if convicted.
      _X_ Other: There exist pending charges for violent offenses in Madison County Illinois Circuit Court.
_X_ 4. The nature and seriousness of the danger by the defendant's release are as follows:
Evidence was adduced at the detention hearing that Defendant has committed child sexual exploitation over the course of twenty years.
_X_ 5. Rebuttable Presumptions
In determining that the defendant should be detained, the Court also relied on the following rebuttable presumption(s) contained in **18 U.S.C. 3142(e)** which the Court finds the defendant has not rebutted:
   _X_ a. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of any other person and the community because the Court finds that the crime involves:
      _X_ 1. A crime of violence; or
      ___ 2. An offense for which the maximum penalty is life imprisonment death; or
      ___ 3. A controlled substance violation which has a maximum penalty of 10 years or more; or

2

    \_\_ 4. A felony after the defendant had been convicted of two or more prior offenses described in (1) through (3) above, (or the state or local equivalent), or any combination of such offense;

<u>and</u> the defendant has a prior conviction for one of the crimes described in (1) through (3) above, and said conviction, or the release from imprisonment therefor, is less than five years old and was committed while the defendant was on pretrial release.

  \_\_ b. That no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because the Court finds that there is probable cause to believe:
    \_\_ 1. That the defendant has committed a controlled substance violation which has a maximum penalty of 10 years or more.
    \_\_ 2. That the defendant has committed an offense under **18 U.S.C. §924(c)** (uses or carries a firearm during and in relation to any crime of violence, including a crime of violence which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device).

The Court, in finding that there are no conditions or combination of conditions which reasonably will assure the defendant's appearance and the safety of any other person and the community, has considered and rejected alternatives. Among the alternatives considered, the Court has rejected house arrest and a daily reporting scheme. In rejecting these alternatives, the Court notes the gravity of the offense and the substantial penalties which may possibly be imposed.

**D. Additional Directives**

Pursuant to **18 U.S.C. § 3142(i)(2)-(4)**, the Court directs that:

    The defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; and

    The defendant be afforded reasonable opportunity for private consultation with his counsel; and

    That, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings.

    IT IS SO ORDERED.

**DATED: February 4, 2009**

                                          <u>s/ *Donald G. Wilkerson*</u>
                                          **DONALD G. WILKERSON**
                                          **United States Magistrate Judge**