## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | No. 09-CR-30007-01-DRH |
| | ) | |
| LARRY BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

## MINUTES OF FINAL PRETRIAL CONFERENCE

**PRESIDING:** Chief Judge David R. Herndon

**DATE:** March 24, 2010                                    **PLACE:** East St. Louis, Illinois

**COURT REPORTER:** Laura Blatz                **COURTROOM DEPUTY:** Sandy Pannier

**COUNSEL FOR GOVERNMENT:** Angela Scott, AUSA

**COUNSEL FOR DEFENDANT:** James Gomric      **TIME:** 10:00 A.M. - 10:40 AM

---

Defendant appears in open Court with counsel. Court notes this case is set for trial on May 3, 2010. Ms. Scott advises Court she is still waiting for information from MLAT. That is the only thing that she can foresee may delay the start of the trial. Mr. Gomric advises he received some discovery yesterday from the Government and was advised there is further material to be produced when it becomes available. Government advises they have one document they may ask the Court to review before they produce it.

Government advises they need to conduct a video-taped deposition of the victim as she may not be willing to come to the United States. Government also advises the victim is not very cooperative with them at this time. Government anticipates their case may take 2 ½ days if she does testify. One day less if she does not testify. Defendant advises they are not agreeable to take a deposition of the victim. Defendant doesn't believe their case will take too much time. The entire case may take one week to try.

Regarding the document the Government wants the court to review in camera, the Government is advised they need to advise the Court why they think this document should not be turned over. Government advises these are the agent's notes.

With regard to the issue of the victim's testimony, the Court believes there may not be a lot of time to deal with this issue since the trial is a little over a month away. Government thinks they can prove their case without her. Court encourages counsel to research this issue and this needs to be addressed in the near future.

Government is directed to turn over DCFS records to the defendant. Not only the current charge but all prior charges. Government advises that the basic materials submitted in discovery redacted the names of individuals. Court advises Government she should continue to redact that information.

The Court notes that back in January the standard order entered by the Magistrate for pretrial discovery with respect to discussion of what had to be filed within 21 days, etc., in light of the recent Supreme Court case of *Bloate v. United States*, that case found any delay in pretrial motions is not excludable but requires a specific finding. In light of the recent decision, the Court finds that the time granted to Defendant Bechel for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. §3161(h)(7)(A)** as the justice served by the granting of such a continuance outweighed the best interest of the pubic and Defendant in a speedy trial. To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice.

Trial date of May 3 to remain and both sides will be expected to be ready to go. Court stands ready to have additional hearings or rule on any motions that may arise.

Government is to submit agent's notes and report to the Court to review same. Motions in limine are due 21 days before trial.

Defendant remanded to the custody of the USM.