IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-30007-DRH |
| | ) | |
| LARRY A. BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S FIRST MOTION IN LIMINE**

Comes now the United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and Angela Scott, Assistant United States Attorney for said district, and, in support of its Motion in Limine, states as follows:

A.   Reasonable Doubt.

Initially, the Government requests that this Honorable Court preclude the defendant from defining or attempting to define reasonable doubt to the jury. Seventh Circuit Pattern Jury Instruction No. § 2.04 explicitly directs that "no instruction be given defining 'reasonable doubt.'" 7th Cir. P.J. I No. 2.04 (1999). In making such a recommendation, the committee notes that "[i]n a long line of cases, the Seventh Circuit has repeatedly eschewed attempts to define reasonable doubt," and states that "'an attempt to define reasonable doubt presents a risk without any real benefit.'" *Id.* (internal citations omitted).

Moreover, the Seventh Circuit has been firm in its stance that counsel should not define "reasonable doubt," going so far as to state "we admonish counsel, do not define "reasonable doubt" to a jury." *United States v. Alex Janows & Co.*, 2 F.3d 716, 723 (7th Cir. 1993). *See United States v. Bruce*, 109 F.3d 323, 329 (7th Cir. 1997) ("It is well established in this Circuit, however, that

neither trial courts nor counsel should attempt to define 'reasonable doubt' for the jury."). In *Janows*, while noting that the prosecutor did not deliberately mislead the jury, the Court nevertheless stated that "he never should have broached the subject." *Janows*, 2 F.3d at 723.

In holding that counsel should not be allowed to define reasonable doubt to the jury, the Seventh Circuit noted that:

> [A]t best, definitions of reasonable doubt are unhelpful to a jury, and, at worst, they have the potential to impair a defendant's constitutional right to have the government prove each element beyond a reasonable doubt. An attempt to define reasonable doubt presents a risk without any real benefit.

*United States v. Hall*, 854 F.2d 1036, 1039 (7th Cir. 1988). If arguments or instructions addressing the meaning of "reasonable doubt" are capable of decreasing the Government's burden in the eyes of the jury, they are certainly capable of having the opposite effect as well. A definition of 'reasonable doubt' which is too rigid or stringent could easily escalate the Government's burden of proof to the point of impossibility. Accordingly, there is simply no good reason for any counsel to attempt to define "reasonable doubt" as it is far more likely than not to confuse the jury and unfairly alter the burden of proof. *See Hall*, 854 F.2d at 1039 ("The tortured attempts to define reasonable doubt have yet to produce anything which has been approved by this court."). Defense counsel should therefore be prohibited from attempting to define "reasonable doubt" to the jury.

B.   Defendant's Potential Sentence.

The Government also requests that the defendant be prohibited from arguing any potential sentence to the jury. As the Supreme Court has clearly stated:

> It is well established that when a jury has no sentencing function, it should be admonished to "reach its verdict without regard to what sentence might be imposed." The principle that juries are not to consider the consequences of their verdicts is a reflection of the basic division of labor in our legal system between judge and jury.

> The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict. *Information regarding the consequences of a verdict is therefore irrelevant to the jury's task*. Moreover, providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates a strong possibility of confusion.

*Shannon v. United States,* 512 U.S. 573, 579 (1994) (internal citations omitted) (emphasis added). As noted by the Supreme Court, providing sentencing information is irrelevant to the jury's function of deciding whether a defendant is or is not guilty of a charged crime. The defendant's guilt or innocence is to be decided based solely on the facts and evidence of the case, not on emotions, visceral reactions, and personal notions of fairness, and addressing a defendant's possible sentence encourages a verdict based on these improper bases. Consequently, defense counsel should be prohibited from making such an argument.

C.  Jury Nullification

Finally, the Government requests an order banning the defendant from presenting any argument or otherwise attempting to suggest the possibility of jury nullification. "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the Defendant has no right to invite the jury to act lawlessly. Jury nullification is a fact, because the government cannot appeal an acquittal; it is not a right, either of the jury or the Defendant." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996) (citing *United States v. Kerley*, 838 F.2d 932, 938 (7th Cir.1988)); *United States v. Sepulveda*, 15 F.3d 1161, 1190 (1st Cir. 1993). *See also United States v. Brown*, 548 F.2d 204, 210 (7th Cir. 1977) (holding that in a prosecution for possession of an unregistered firearm, the district court did not abuse its discretion in curtailing counsel's closing argument by preventing him from suggesting the possibility of jury nullification). As noted in *Sepulveda*, while it is true that:

3

> jurors possess the raw power to set an accused free for any reason or for no reason, their duty is to apply the law as given to them by the court. Accordingly, while jurors may choose to flex their muscles, ignoring both law and evidence in a gadarene rush to acquit a criminal defendant, neither the court nor counsel should encourage jurors to exercise this power. A trial judge, therefore, may block defense attorney's attempts to serenade a jury with the siren song of nullification . . . .

*Sepulveda*, 15 F.3d at 1190. Accordingly, defense counsel should be prohibited from making such an argument in the instant case.

WHEREFORE, the Government respectfully requests that the Court prohibit defense counsel for Defendant Larry Bechel from defining or attempting to define reasonable doubt, arguing any potential sentence to the jury, and arguing or suggesting the possibility of jury nullification to the jury.

Respectfully submitted,

A. COURTNEY COX
United States Attorney


/s/   Angela Scott
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois, 62208
(618) 628-3700  Telephone
(618) 628-3730   Facsimile
Email:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-30007-DRH |
| | ) | |
| LARRY A. BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 1, 2010, I electronically filed the **GOVERNMENT'S FIRST MOTION IN LIMINE** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jim Gomric, Esq.

    Respectfully submitted,

    A. COURTNEY COX
    United States Attorney


    /s/   Angela Scott
    ANGELA SCOTT
    Assistant United States Attorney
    Nine Executive Drive
    Fairview Heights, Illinois  62208
    (618) 628-3700  Telephone
    (618) 628-3730  Facsimile
    E-mail: Angela.Scott@usdoj.gov