IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-30007-DRH |
| | ) | |
| LARRY A. BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S MOTION IN LIMINE AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT

Comes now the United States of America, by and through its attorneys, A. Courtney Cox, United States Attorney for the Southern District of Illinois, and Angela Scott and Stephen B. Clark, Assistant United States Attorneys for said district, and in support of its Motion in Limine, states as follows:

The Government requests that this Honorable Court preclude the Defendant from arguing, attempting to argue, or presenting any evidence that Defendant Larry Bechel lacked knowledge of the victim's minority status as a defense to Count 1 of the Superseding Indictment. Count 1 charges Bechel with employing, using, persuading, inducing, or enticing S.K. to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct for importation into the United States, in violation of Title 18, United States Code, Section 2251(c). As set forth below, because knowledge of the age of the minor is not an element of the offense, nor a defense to the charge, the defendant should be prevented from arguing such at trial.[1]

In *United States v. X-Citement Video, Inc.*, 513 U.S. 64 (1994), the United States Supreme Court held that a defendant can be convicted under §2251(a) without the Government

---

[1] The Government notes that this motion in limine applies only to Count 1 of the Superseding Indictment, and that the defendant can argue his lack of knowledge regarding age with respect to Counts 2 and 3.

having to prove that the defendant knew that the victim was under the age of eighteen. 513 U.S. at 76. In reaching this conclusion, the Supreme Court relied on the legislative intent of Congress when it amended §2251 by removing the word "knowingly" from the statute, noting "[t]he Conference Committee explained the deletion in § 2251(a) as reflecting an 'intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child.'" *Id*. at 77 (quoting S.Conf.Rep. No. 95-601, P.2 (1977)).[2] The Court rationalized that, "[t]he difference in congressional intent with respect to § 2251 versus § 2252 reflects the reality that producers are more conveniently able to ascertain the age of performers. It thus makes sense to impose the risk of error on producers. *Id.* at 77, n.5.

Several Courts of Appeals, including the Seventh Circuit Court of Appeals, have adopted this position. In *U.S. v. Johnson*, the Seventh Circuit held that §2251(a) "contains no requirement that the defendant know that the performer is a minor." *U.S. v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004) (citing *X-Citement Video,* 513 U.S. at 76 n.5). Likewise, in *United States v. Johnson*, 284 F.3d 338, 349 (2d Cir. 2002), the Second Circuit upheld the Supreme Court's holding in X-Citement Video "that § 2251 does not contain a knowledge of age requirement." *See also United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999); *United States v. United States District Court*, 858 F.2d 534, 538 (9th Cir. 1988).

Because the law is clear that §2251 does not contain a knowledge requirement as to the age of depicted individual, this Honorable Court should preclude the Defendant from arguing, attempting to argue, or presenting evidence that he was unaware of the victim's minority status in reference to Count 1of the Superseding Indictment.

---

[2]The Court noted that the scienter requirement likewise does not apply to §2251(c). *Id*. at 77, n.6.

WHEREFORE, the Government respectfully requests that the Court prohibit defense counsel for Defendant Larry Bechel from arguing, attempting to argue, or presenting evidence that he lacked knowledge of the victim's age in regard to Count 1 of the Superseding Indictment.

Respectfully submitted,

A. COURTNEY COX
United States Attorney


/s/   Angela Scott
ANGELA SCOTT or
STEPHEN B. CLARK
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, Illinois, 62208
(618) 628-3700  Telephone
(618) 628-3730   Facsimile
Email:  Angela.Scott@usdoj.gov
            Stephen.Clark@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CRIMINAL NO. 09-30007-DRH |
| LARRY A. BECHEL, | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2010, I electronically filed the **GOVERNMENT'S MOTION IN LIMINE AS TO COUNT 1 OF THE SUPERSEDING INDICTMENT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Jim Gomric, Esq.

Respectfully submitted,

A. COURTNEY COX
United States Attorney

/s/  Angela Scott
ANGELA SCOTT or
STEPHEN B. CLARK
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, Illinois 62208
(618) 628-3700  Telephone
(618) 628-3730  Facsimile
E-mail: Angela.Scott@usdoj.gov
          Stephen.Clark@usdoj.gov