IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA**,

**Plaintiff,**

v.

**LARRY BECHEL,**

**Defendant.**                                          No. 09-30007-DRH

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Now before the Court is the Government's June 17, 2010 motion in limine (Doc. 75). Specifically, the Government moves to preclude Bechel from arguing that he lacked knowledge of the victim's minority status as a defense to Count 1 of the Superseding Indictment as knowledge of the age of the minor is not an element of the offense nor a defense to the charge.[1] Based on the case law, the Court grants the motion.

As to knowledge of the age of a minor under 18 U.S.C. § 2251(a), the Seventh Circuit has held:

> It is true that the commission of the completed offense under § 2251(a), which can be paraphrased for our purposes as the actual manufacture of child pornography, contains no requirement that the defendant know that the

---

[1] In its motion, the Government notes that this motion applies only to Count 1 of the Superseding Indictment.

performer is a minor. *See United States v. X-Citement Video, Inc.*, 513 U.S. 64, 76 n. 5, 115 S.Ct. 464, 130 L.Ed.2d 372 (1994).

***United States v. Johnson*, 376 F.3d 689, 693 (7th Cir. 2004)**.[2] Thus, the Court **GRANTS** the motion in limine. The Court **PROHIBITS** Bechel from arguing, attempting to argue, or presenting evidence that he was unaware of the victim's minority status in reference to Count 1 of the Superseding Indictment.

**IT IS SO ORDERED.**

Signed this 1st day of July, 2010.

/s/ David R. Herndon
**Chief Judge**
**United States District Court**

---

[2]Other federal appellate courts that have considered this issue have found the same. ***See United States v. Pliego*, 578 F.3d 938, 943 (8th Cir. 2009);** ***United States v. Griffith*, 284 F.3d 338, 349 (2nd Cir. 2002)(relying on *X-Citement Video* to reject the defendant's "argument that the district court's charge to the jury omitting scienter of age under § 2251(a) was erroneous");** ***United States v. Crow*, 164 F.3d 229, 236 (5th Cir. 1999)(holding that the district court did not commit plain error in failing to instruct the jury that the defendant had to know that the victim was a minor in order to be convicted under § 2251(a))**.