```
                 IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF ILLINOIS


UNITED STATES OF AMERICA,            )
                                     )
      Plaintiff,                     )
                                     )      09-30007-DRH
vs.                                  )      East St. Louis, Illinois
                                     )      July 2, 2010
LARRY A. BECHEL,                     )
                                     )
      Defendant.                     )



                         CHANGE OF PLEA
             BEFORE THE HONORABLE DONALD G. WILKERSON
                 UNITED STATES MAGISTRATE JUDGE



APPEARANCES:

For the Plaintiff:           United States Attorney's Office
                             by MS. ANGELA SCOTT, AUSA
                             Nine Executive Drive
                             Fairview Heights, Illinois  62208


For the Defendant:           O'Gara, Gomric, et al.
                             by MR. JAMES A. GOMRIC, ESQ.
                             6 East Washington
                             Belleville, Illinois  62220



Court Reporter:              Daveanna Ramsey, CSR
                             U.S. District Court
                             750 Missouri Avenue
                             East St. Louis, Illinois  62201
                             (618) 482-9124



      Proceedings recorded by mechanical stenography; transcript
produced by computer.
```

1          *COURTROOM DEPUTY:*  The matter of United States of

2     America versus Larry A. Bechel, Case Number 09-30007, is called

3     for a Change of Plea Hearing.  Will the parties please identify

4     themselves for the record.

5          *MS. SCOTT:*  Good morning, Your Honor, the Governments

6     ready, represented by Assistant U.S. Attorney Angela Scott.

7          *THE COURT:*  Ms. Scott, good morning.

8          *MS. SCOTT:*  Good morning, Your Honor.

9          *MR. GOMRIC:*  James Gomric present on behalf of the

10    Defendant Larry Bechel.  Good morning, Your Honor.

11         *THE COURT:*  Mr. Gomric, good morning.  Would you bring

12    Mr. Bechel up to the podium, please.

13                   *(Defendant and defense counsel approach the*

14                   *podium.)*

15         *THE COURT:*  Good morning, sir.  My name is Donald

16    Wilkerson, I'm United States Magistrate Judge here in the

17    Southern District of Illinois.  And this case comes before me

18    as a Magistrate Judge by a consent of the parties that allows

19    me by a local rule to accept felony guilty pleas.

20         Do the parties agree that's the posture of this case?

21    Ms. Scott?

22         *MS. SCOTT:*  Yes, Your Honor.

23         *THE COURT:*  Mr. Gomric?

24         *MR. GOMRIC:*  We do.

25         *THE COURT:*  Okay.  Mr. Bechel, am I saying that right?

1    Bechel?

2              THE DEFENDANT:  Correct.

3              THE COURT:  Okay.  Mr. Bechel, I've been handed a

4    document here entitled notice regarding entry of plea of guilty

5    and consent.  I'm going to pass that over to Mr. Gomric, he's

6    going to place that in front of you, and I'm going to ask you

7    some questions about that.

8              And before -- at this time, we're going to stop, I

9    recognize that you're shackled there, just raise your right

10   hand a little bit, don't hurt yourself, and I'm going to get

11   you sworn in.  That's fine.

12             (Defendant Larry Bechel sworn in open court.)

13             THE COURT:  Mr. Bechel, do you understand now that

14   you've been sworn, if you give me false answers to my

15   questions, you could be subject to the penalties of perjury or

16   of making false statements?

17             THE DEFENDANT:  I do.

18             THE COURT:  Mr. Bechel, I want to now return to this

19   sheet.  Is that your signature there?

20             THE DEFENDANT:  Yeah.

21             THE COURT:  You signed this here in court today?

22             THE DEFENDANT:  Yes.

23             THE COURT:  Okay.  Do you understand by signing this

24   waiver, if I accept your plea today, you won't have any right

25   to later come back and complain that your plea wasn't taken by

1    Judge Herndon?  You understand that?

2              THE DEFENDANT:  Yes.

3              THE COURT:  Okay.  And did anybody force you to sign

4    this document?

5              THE DEFENDANT:  No.

6              THE COURT:  You signed it of your own free will?

7              THE DEFENDANT:  Yes.

8              THE COURT:  And is that what you want to do, proceed

9    with your change of plea before me today?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Okay.  Very good.  And Mr. Gomric, you

12   signed on behalf of Mr. Bechel?

13             MR. GOMRIC:  Indeed I did.

14             THE COURT:  And Ms. Scott, you signed on behalf of the

15   United States?

16             MS. SCOTT:  I did, Your Honor.

17             THE COURT:  Very good.  You can pass that back,

18   Mr. Gomric.

19             MR. GOMRIC:  Yes, Your Honor.

20             THE COURT:  The Court will make a finding that the

21   consent of the parties -- notice to the parties and the consent

22   in this case is a knowing and voluntary consent, and the Court

23   will accept the same.

24             Mr. Bechel, have you been furnished with a copy of the

25   Indictment, the charging document?

1          *THE DEFENDANT:*  Yes.

2          *THE COURT:*  Okay.  You have a right to have the

3     Indictment read to you or you may waive the formal reading of

4     the Indictment.  Is there an announcement?

5          *MR. GOMRIC:*  We would waive formal reading, Judge.

6          *THE COURT:*  Okay.  Is that correct, Mr. Bechel, you

7     will give up your right to have me read that document to you?

8          *THE DEFENDANT:*  Yes.

9          *THE COURT:*  You've been over it and you understand

10    what the Government said that you did?

11         *THE DEFENDANT:*  Yes.

12         *THE COURT:*  Okay.  Very good.  Mr. Gomric, how does

13    Mr. Bechel intend to plead?

14         *MR. GOMRIC:*  It is my belief that he intends to change

15    his plea from one of not guilty to one of guilty this morning,

16    Your Honor.

17         *THE COURT:*  To all three counts --

18         *MR. GOMRIC:*  All three counts.

19         *THE COURT:*  -- of the Superseding Indictment?

20         *MR. GOMRIC:*  That is correct.

21         *THE COURT:*  Okay.  Mr. Bechel, is that correct?

22         *THE DEFENDANT:*  Yes.

23         *THE COURT:*  Okay.  And before I accept your guilty

24    plea, there are a number of questions that I'm going to ask you

25    in order to assure myself that you're entering a valid plea.

1    If you do not understand any of the questions or at any time

2    you wish to consult with Mr. Gomric, all you have to do is say

3    so, because it is essential to a valid plea that you understand

4    each question before you answer.  You understand that?

5         THE DEFENDANT:  Yes.

6         THE COURT:  Okay.  Mr. Bechel, give me your full name,

7    please.

8         THE DEFENDANT:  Larry A. Bechel.

9         THE COURT:  What's the A. for, Mr. Bechel?

10        THE DEFENDANT:  Allen.

11        THE COURT:  I'm sorry?

12        THE DEFENDANT:  Allen.

13        THE COURT:  Allen.  A-L-A-N or A-L-L-E-N?

14        THE DEFENDANT:  Either way.  I think it's L-L.

15        THE COURT:  You think it's?

16        THE DEFENDANT:  L-L.

17        THE COURT:  L-L.  Okay.  And Mr. Bechel, how old are

18   you, sir?

19        THE DEFENDANT:  You know, I have been locked up for so

20   long, I forgot.

21        THE COURT:  Well, give me your birth date.

22        THE DEFENDANT:  11-23-46.

23        THE COURT:  11-23 of '46.  Okay, that would make you

24   63.  Is my math correct?

25        THE DEFENDANT:  I guess.

1          *THE COURT:*  Okay.  Wait a minute, somebody is telling

2    me that I'm wrong.  Yeah, 63.  Okay.  All right.  Mr. Bechel,

3    how far did you go in school?

4          *THE DEFENDANT:*  College.

5          *THE COURT:*  Okay.  You graduated college or some

6    college?  Graduated?

7          *THE DEFENDANT:*  Yes.

8          *THE COURT:*  Okay.  BS Degree?

9          *THE DEFENDANT:*  AS.

10         *THE COURT:*  AS Degree.  Very good.  And where was that

11   from, Mr. Bechel?

12         *THE DEFENDANT:*  Lewis and Clark.

13         *THE COURT:*  Lewis and Clark.  And that would be a

14   two-year degree; correct?

15         *THE DEFENDANT:*  Correct.

16         *THE COURT:*  Okay.  And the reason I ask you that,

17   Mr. Bechel, I want to know if you can read, and write, and

18   understand English.  Do you read, write, and understand

19   English?

20         *THE DEFENDANT:*  Yes.

21         *THE COURT:*  Okay.  And do you have any problems

22   reading, writing, and understanding English?

23         *THE DEFENDANT:*  No.

24         *THE COURT:*  Okay.  Mr. Bechel, have you taken any

25   drugs, medicines, pills, or consumed any alcoholic beverage in

1    the past 24 hours?

2             THE DEFENDANT:  Well, if you -- yes.  I'll just answer

3    yes.

4             THE COURT:  Okay.  What have you had?

5             THE DEFENDANT:  I have no idea.

6             MR. GOMRIC:  Your Honor, my client has had some

7    problems with his heart, and he's had a situation or two

8    arising from some strokes that he's had.  He is, I believe,

9    maintained on medication that is designed to alleviate or to

10   ensure that there aren't future strokes.  That is the

11   medication that he is currently receiving at the Clinton County

12   Jail.  They are not psychotropic medications.  And I do not

13   know the specific agents that he is taking, but that is the

14   nature of the medical regimen that he is currently subject to.

15            THE COURT:  Well you know the bottom line, Mr. Gomric,

16   and the same bottom line that I'm going to ask him in a minute,

17   it's my duty to ensure that he's fully aware of everything

18   that's going on here in court today.

19            When is the last time you had that medication, sir?

20            THE DEFENDANT:  This morning.

21            THE COURT:  This morning.  Is there anything about

22   taking that medication that has you unaware or groggy?

23            THE DEFENDANT:  No.

24            THE COURT:  So that you -- are you fully aware of

25   everything that's going on here in court today?

1           *THE DEFENDANT:*  Yes.

2           *THE COURT:*  Okay.  All right.

3           *THE DEFENDANT:*  The medicine is for --

4           *THE COURT:*  I'm sorry, go ahead.

5           *THE DEFENDANT:*  Is for high blood pressure,

6     cholesterol, and I had some gout problems in my foot, so that

7     I'm taking medicine for that, but no -- no drug drugs.

8           *THE COURT:*  Okay.  Nothing that's got -- that's got

9     you slowed down mentally?

10          *THE DEFENDANT:*  Oh, no.  No.

11          *THE COURT:*  Okay.  Have you ever been treated for

12    mental illness or addiction to narcotic drugs of any kind?

13          *THE DEFENDANT:*  No.

14          *THE COURT:*  And you understand again what's happening

15    here today?

16          *THE DEFENDANT:*  Yes.

17          *THE COURT:*  Tell me in your own words what we're doing

18    here today.  I'm making a record, that's why I'm asking you

19    these questions.  Tell me in your own words what we're doing

20    here today.

21          *THE DEFENDANT:*  Sending me to prison.

22          *THE COURT:*  Well, that's not what I'm doing today, I'm

23    accepting your plea to the charges.

24          *THE DEFENDANT:*  Okay, then that's what I'm doing then.

25          *THE COURT:*  Okay.  Now here, here, this may be

1     inconvenient to you, okay?  But what I'm doing is I'm required

2     by law to make a record here that you know what's going on,

3     that you're fully aware.  And I'm not going to go forward with

4     this if I have any doubt at all that something's going on with

5     you today.  So you have to -- this is a serious thing that I'm

6     doing, so you have to, as best you can, answer my questions or

7     I'm not going to do it.  Okay?  So now what I'm going to ask

8     you again is --

9          *THE DEFENDANT:*  Well, I thought I was.

10         *THE COURT:*  Well, just listen.

11         *THE DEFENDANT:*  Okay.

12         *THE COURT:*  Just listen.  Okay.  What I'm going to ask

13    you again is in your own words, okay -- well, no, I'm not going

14    to ask you that.  I'm going to ask you this.  This is a change

15    of plea.  You've previously entered a plea of not guilty in

16    this matter, and it's my understanding that you wish to enter

17    and change that plea, and enter a plea of guilty to the three

18    counts of the Superseding Indictment.  Is that your

19    understanding as to what we're doing here today?

20         *THE DEFENDANT:*  Yes.

21         *THE COURT:*  Okay.  There you go.  All right.

22         Ms. Scott, Mr. Gomric, do either of you have any doubt

23    as to Mr. Bechel's competence to plead in this matter at this

24    time?  Ms. Scott?

25         *MS. SCOTT:*  No, Your Honor.

1          *MR. GOMRIC:*  Your Honor, may I amplify?

2          *THE COURT:*  Yes, you may.

3          *MR. GOMRIC:*  In my interactions with Mr. Bechel, which

4    have been beginning in the month of December 2009, and we had

5    interactions several weeks ago, and again as recently as

6    yesterday.  The subject matter associated with his various

7    options was addressed in detail.  At all times during those

8    sessions, again as recently as yesterday morning, the responses

9    given by Mr. Bechel appeared to be that of a cogent individual.

10   Moreover, the admonitions contained on Page 3 of the plea

11   agreement were presented to Mr. Bechel, even before I was his

12   counsel, but they were again presented to him this morning.

13   Again this morning, and prior to our complication, a colloquy

14   was undertaken between the two of us, and it is my belief that

15   he is cogent and of sound mind to proceed further in this

16   matter.  I hope you don't mind my taking this --

17         *THE COURT:*  No, absolutely not.  All right.  The Court

18   is satisfied, Mr. Bechel has answered my questions, and with

19   Mr. Gomric's recitation, the Court is satisfied that Mr. Bechel

20   is competent to plead in this matter at this time and will so

21   find.

22         Mr. Bechel, have you had enough time to discuss your

23   case with Mr. Gomric?

24         *THE DEFENDANT:*  Yes.

25         *THE COURT:*  Okay.  Are you satisfied with Mr. Gomric's

1    representation of you?

2           THE DEFENDANT:  Yes.

3           THE COURT:  Has there been anything that you wanted

4    Mr. Gomric to do for you that he hasn't done for you?

5           THE DEFENDANT:  Nope.

6           THE COURT:  Do you understand, Mr. Bechel, that under

7    the Constitution and laws of the United States, you are

8    entitled to a trial by jury on the charges contained in the

9    Indictment?  You understand that you're entitled to a trial by

10   jury on the charges contained in --

11          THE DEFENDANT:  Yes.

12          THE COURT:  That in order to convict you, all of the

13   jurors would have to agree that you are guilty beyond a

14   reasonable doubt.  You understand that?

15          THE DEFENDANT:  Yes.

16          THE COURT:  Do you understand that at that trial, you

17   would be presumed to be innocent, and the Government would have

18   to overcome that presumption and prove you guilty by competent

19   evidence beyond a reasonable doubt, and you would not have to

20   prove that you were innocent?  You understand that?

21          THE DEFENDANT:  Yes.

22          THE COURT:  Do you understand that in the course of

23   the trial, the witnesses for the Government would have to come

24   to court and testify in your presence, and your lawyer could

25   cross examine the witnesses for the Government, object to

1    evidence offered by the Government, and offer evidence on your

2    behalf?  You understand that?

3            THE DEFENDANT:  Yes.

4            THE COURT:  Do you understand also that at a trial,

5    while you would have the right to testify, if you chose to do

6    so, you would also have the right not to be compelled to

7    incriminate yourself, that is the right not to testify?  You

8    understand that?

9            THE DEFENDANT:  Yes.

10           THE COURT:  Do you understand that you would at trial

11   have the right to summon or call witnesses on your own behalf?

12   You understand that?

13           THE DEFENDANT:  Yes.

14           THE COURT:  If I accept your guilty plea, Mr. Bechel,

15   do you understand you're going to waive your right to a trial

16   and the other rights I've just discussed?

17           THE DEFENDANT:  Yep.

18           THE COURT:  There will be no trial, I'll simply accept

19   your plea, and Judge Herndon will enter a judgment of guilty

20   and sentence you on the basis of this guilty plea.  You

21   understand that?

22           THE DEFENDANT:  Yes.

23           THE COURT:  In pleading guilty, do you understand that

24   you will also have to waive your right not to incriminate

25   yourself, because I'm going to ask you questions about what you

1   did in order to satisfy myself that you're guilty as charged,

2   and you're going to have to admit or acknowledge your guilt?

3   Mr. Bechel, you understand that?

4            THE DEFENDANT:  Yep.

5            THE COURT:  Please, yes.  Yes.

6            THE DEFENDANT:  Oh, yes.

7            THE COURT:  Okay.  Mr. Bechel, are you willing to

8   waive and give up your right to a trial and the other rights

9   I've just discussed?

10           THE DEFENDANT:  Yes.

11           THE COURT:  Okay.  And again, you've received a copy

12  of the Indictment; correct?

13           THE DEFENDANT:  Yes.

14           THE COURT:  Okay.  Count 1 charges you with sexual

15  exploitation of a minor; Count 2 charges you with

16  transportation of depiction of minors -- of minor engaging in

17  sexually explicit conduct; Count 3 charges you with possession

18  of matters containing depiction of minor engaging in sexually

19  explicit conduct.  Those are the three counts of the

20  Indictment.

21           Ms. Scott, if you would, would you give the elements

22  of the offense for each count that the Government would be

23  required to prove beyond a reasonable doubt should this matter

24  go to trial, as well as the minimum and maximum penalties for

25  each charge if the Court accepts Mr. Bechel's plea.

1        *MS. SCOTT:*  Thank you, Your Honor.

2        Your Honor, with respect to Count 1 of the Superseding

3   Indictment, the sexual exploitation of a minor, the Government

4   would have to show three things:  The Defendant employed, used,

5   persuaded, induced, enticed, or coerced any minor to engage in

6   any sexual conduct outside of the United States; the Defendant

7   employed, used, persuaded, induced, enticed, coerced any minor

8   to engage in sexually explicit conduct for the purpose of

9   producing any visual depiction of such conduct; and the

10  Defendant transported such visual depiction to the United

11  States.

12       Your Honor, that charge carries a maximum penalty of

13  at least 15 years imprisonment, but not more than 30 years, a

14  $250,000 fine, or both, and any term of years up to life on

15  supervised release.

16       *THE COURT:*  And $100 special assessment.

17       *MS. SCOTT:*  And I'm sorry, a special assessment.  Yes,

18  Your Honor.

19       *THE COURT:*  Okay.

20       *MS. SCOTT:*  Your Honor, with respect to Count 2, the

21  transportation of a depiction of a minor engaging in sexually

22  explicit conduct, the Government would have to show four

23  things:  The Defendant knowingly transported visual depictions

24  in interstate and foreign commerce, by any means, including by

25  computer; the production of such visual depictions involving

1    the use of a minor engaging in sexually explicit conduct; such

2    visual depiction is of a minor engaged in sexually explicit

3    conduct; and finally, the Defendant knew that at least one of

4    the performance of visual depiction was a minor, and knew that

5    the visual depiction was of such minor engaged in sexually

6    explicit conduct.

7            Your Honor, that comes with a penalty of not less than

8    five, but not more than 20 years imprisonment, a $250,000 fine,

9    or both, and any term of years up to life on supervised

10   release, and a $100 special assessment.

11           And Your Honor, with respect to the third count,

12   possession of a depiction -- possession of a matter containing

13   a depiction of a minor engaging in sexually explicit conduct,

14   the Government has to show four things.  I see a typo here, I

15   apologize, I have third twice.  But there is four things:  The

16   Defendant knowingly possessed one or more matters which contain

17   any visual depiction of a minor engaged in sexually explicit

18   conduct; two, such visual depiction had been mailed, shipped,

19   or transported in interstate or foreign commerce by any means,

20   including by computer, or that was produced using materials

21   that had been so mailed, shipped, or transported in interstate

22   or foreign commerce by any means, including by computer;

23   third --

24           *THE COURT:*  No, go ahead, I'm sorry.

25           *MS. SCOTT:*  Third, that the production of the visual

1    depiction involved the use of a minor -- I'm sorry -- engaging

2    in sexually explicit conduct and visual depiction was of such

3    conduct.  And finally, the Defendant knew that the visual

4    depiction involved the use of a minor engaging in sexually

5    explicit conduct.

6            Your Honor, the penalties for Count 3 are not more

7    than ten years of imprisonment, a $250,000 fine, or both, any

8    term of years up to life on supervised release, and $100

9    special assessment.

10           THE COURT:  Okay.  Thank you very much.

11           Mr. Bechel, you heard the elements of the offense as

12   recited by the Assistant U.S. Attorney that the Government

13   would be required to prove against you beyond a reasonable

14   doubt should your matter go to trial; correct?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Okay.  You also heard the minimum and

17   maximum punishments you face if convicted of each of those

18   charges, right?

19           THE DEFENDANT:  Yes.

20           THE COURT:  Okay.  You also heard -- and you also

21   heard the maximum fine that the District Judge may impose upon

22   you; correct?

23           THE DEFENDANT:  Yes.

24           THE COURT:  Okay.  You also heard the Assistant U.S.

25   Attorney talk about supervised release.  If you are placed on

1    supervised release, do you understand while on that supervised

2    release, you would be required to abide by conditions specified

3    by the Court, and that that supervised release might be revoked

4    if you violate any of those conditions?  You understand that?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Okay.  Do you understand that if that

7    supervised release is revoked for any reason, you may be

8    imprisoned for the full term of supervised release, without

9    credit for time spent on post-release supervision, and that the

10   combined time spent in prison under a sentence of imprisonment

11   and a subsequent revocation of supervised release may

12   theoretically exceed the statutory maximum in this case?  You

13   understand that?  Let me say it again so to make sure you

14   understand that.

15         THE DEFENDANT:  Yeah, if you would, please.  I mean I

16   think I understand it, but...

17         THE COURT:  No, I want to make sure that you do.

18         THE DEFENDANT:  Okay.

19         THE COURT:  Okay.  The statutory maximum I think for

20   the highest level is 30 years; correct?

21         MR. GOMRIC:  That's accurate.

22         THE COURT:  Okay.  So for example, suppose you were

23   placed on -- you were given the whole 30 years, and then given

24   supervised release, the supervised release plus the 30 years

25   would be more than the statutory maximum.  That's what I'm

1    trying to tell you.

2              *THE DEFENDANT:*  Okay.

3              *THE COURT:*  If that's possible.

4              *THE DEFENDANT:*  I understand that.

5              *THE COURT:*  Okay.  Do you understand that if

6    applicable, the Court may also order you to make restitution to

7    any victim of the offense to which you're pleading guilty?  You

8    understand that?

9              *THE DEFENDANT:*  Yes.

10             *THE COURT:*  Are there any restitution issues that the

11   Government is aware of, Ms. Scott?

12             *MS. SCOTT:*  Your Honor, the victim has not indicated

13   that there is any restitution issues.

14             *THE COURT:*  Okay.  That's all I'm asking.  At this

15   time the Government is not aware of any restitution issues;

16   correct?

17             *MS. SCOTT:*  That's correct, Your Honor.

18             *THE COURT:*  Okay.  Mr. Bechel, do you understand the

19   offense -- offenses to which you're pleading guilty are felony

20   offenses?

21             *THE DEFENDANT:*  Yes.

22             *THE COURT:*  That if your plea is accepted, you will be

23   adjudged guilty of these offenses, and that such adjudication

24   may deprive you of valuable civil rights, such as the right to

25   vote, the right to serve on a jury, and the right to possess

1    any kind of firearm.  You understand that?

2              THE DEFENDANT:  I know that quite well.

3              THE COURT:  Okay.  All right.  Mr. Bechel, has anyone

4    threatened you or in any way tried to force you to plead

5    guilty?

6              THE DEFENDANT:  No, sir.

7              THE COURT:  Okay.  Do you understand that plea

8    agreements are permissible, and you and all the lawyers have a

9    duty to disclose the existence and terms of any such plea

10   agreement?  You understand that, Mr. Bechel?

11             THE DEFENDANT:  Yes, sir.

12             THE COURT:  Okay.  I've been handed a document here

13   entitled plea agreement.  It is a 14-page document.  I'm going

14   pass it over to Mr. Gomric, he's going to place it in front of

15   you.  I'm going to draw your attention to Page 14, first.  Is

16   that your signature?

17             THE DEFENDANT:  Yes, sir.

18             THE COURT:  Again, same questions, did anybody force

19   you to sign this?

20             THE DEFENDANT:  No, sir.

21             THE COURT:  Signed it of your own free will?

22             THE DEFENDANT:  Yes, sir.

23             THE COURT:  Have you gone over this entire document

24   from beginning to end?

25             THE DEFENDANT:  No.

1              THE COURT:  Okay.  Well, I think...

2              THE DEFENDANT:  It's been gone over, but not

3    word-for-word, I'll just say that much.  But I'll answer yes.

4    Yes.

5              THE COURT:  No.  No.  No.  No.  It doesn't work like

6    that.  It does not work like that.  We're going to take some

7    time so he can go over this plea agreement.  He's telling me he

8    hasn't been over it.  And I'm not accepting his plea if he

9    hasn't gone over this entire plea agreement.

10             MR. GOMRIC:  I think that would be entirely

11   appropriate.

12             THE COURT:  Yes.  I'm not doing it.

13             MR. GOMRIC:  I understand.

14             THE COURT:  If he hasn't gone over this plea agreement

15   from beginning to end, I'm not taking his plea.  So -- and I

16   have about an hour, if not, it will be this afternoon.  So

17   depending upon how much time he needs to go over this plea

18   agreement, I mean if you need time at the table, if you need

19   time in the lock-up, whatever you need.

20             MR. GOMRIC:  I believe the table is fine.

21             THE COURT:  Okay.  I'll be in recess.  Court will be

22   in recess.  Let me know as soon as you're ready, Mr. Gomric.

23   Thank you.

24                  (Recess taken.)

25                  (Open court.)

1          *THE COURT:*  Mr. Gomric, bring your client back up to

2     the podium.

3                    *(Defendant and defense counsel approach the*

4                    *podium.)*

5          *THE COURT:*  Okay, I think when we stopped, I was

6     asking, and I'll go back to the plea agreement, it was Page 14;

7     correct?  Is that -- do you have that in front of you, Page 14?

8     Again, and I don't know exactly where we stopped, so I'll just

9     ask three questions.  Is that your signature on Page 14?

10         *THE DEFENDANT:*  Yes, Your Honor.

11         *THE COURT:*  Did you sign this of your own will?

12         *THE DEFENDANT:*  Yes, Your Honor.

13         *THE COURT:*  Did anybody threaten you or force you in

14    any way to sign this?

15         *THE DEFENDANT:*  No, Your Honor.

16         *THE COURT:*  Have you gone over this entire document?

17         *THE DEFENDANT:*  Yes, Your Honor.

18         *THE COURT:*  Okay.  Is there anything in this document

19    you disagree with?

20         *THE DEFENDANT:*  No.

21         *THE COURT:*  Okay.  Did you do the things that the

22    Government said that you did in this -- I'm sorry, I'm getting

23    ahead of myself.  I'm ahead of myself.  Is there anything, to

24    your knowledge, that's untrue in this plea agreement?

25         *THE DEFENDANT:*  No, Your Honor.

1              THE COURT:  Okay.  Very good.

2          Ms. Scott, would you give the substance of the plea

3    agreement between the Government and Mr. Bechel.

4          MS. SCOTT:  Your Honor, I never thought you'd forget

5    my name.

6              THE COURT:  I apologize.  My apologies.

7              MR. GOMRIC:  We're on a roll this morning.

8              THE COURT:  Yes, we are.

9          MS. SCOTT:  Your Honor, basically it's a cooperating

10   plea agreement.  There are some special provisions in this plea

11   agreement.  The Government has agreed to recommend a sentence

12   of 240 months on Counts 1 and 2, and 120 months on Count 3.

13             THE COURT:  All to run concurrent?

14         MS. SCOTT:  Concurrently.  And that's based -- and

15   based on the concessions of, the Defendant has agreed not to

16   seek a sentence below the lowest range of the advisory sentence

17   recommended by the guidelines, after all the guideline factors

18   have been considered.  The Defendant also waived his appeal

19   rights and certain other rights.

20             The important thing that I also want to point out,

21   Your Honor, is that because of the Defendant's cooperation, he

22   assisted in reporting a threat to a law enforcement officer, a

23   death threat to a law enforcement officer, we are going to file

24   a 5K1 Motion prior to sentencing, asking for an additional 60

25   months off his sentence, for a final recommendation by the

1    Government of a sentence of 180 months, or 15 years, on Counts

2    1 and 2, and 120 months on Count 3, all to run concurrently.

3          THE COURT:  Okay.  And are there waiver of appeal

4    rights in this plea?

5          MS. SCOTT:  Yes, they're waiver of appeal rights.

6    He's waived collateral review rights, Hide Amendment rights.

7    He's agreed that the Government has provided complete discovery

8    compliance.  And he waives his request to get DNA testing.

9          THE COURT:  All right.  Mr. Gomric, anything to add to

10   the basic agreement between Mr. Bechel and the United States?

11         MR. GOMRIC:  Thank you, no.

12         THE COURT:  Okay.  Mr. Bechel, do you understand that

13   any recommendation or sentence agreed to by you, your lawyer,

14   and the United States Attorney is not binding on the Court, and

15   that you might, on the basis of your guilty plea, receive a

16   more severe sentence than requested or recommended; and if the

17   Court does not accept the United States Attorney's

18   recommendations, Mr. Bechel, you will not have the right to

19   withdraw this plea and you will still be bound by it?

20         THE DEFENDANT:  Yes, Your Honor.

21         THE COURT:  Okay.  Under the Sentencing Reform Act of

22   1984, the United States Sentencing Commission issued guidelines

23   for judges to follow in determining a sentence in a criminal

24   case.  Recently the United States Supreme Court has made those

25   guidelines advisory rather than mandatory for judges.

1        Have you and Mr. Gomric talked about how the

2    Sentencing Commission Guidelines might apply to your case?

3        *THE DEFENDANT:*  Yes, Your Honor.

4        *THE COURT:*  While the Court must be advised by the

5    guidelines, Mr. Bechel, in determining the particular sentence

6    to impose, the Court will consider certain statutory factors

7    under Section 3553 of Title 18, including, among others, the

8    nature and circumstances of the offense, and the history and

9    characteristics of the Defendant.  The Court will impose a

10   sentence sufficient, but not greater than necessary, to reflect

11   the seriousness of the offense, to promote respect for the law,

12   and to provide just punishment for the offense, and to

13   adequately deter future criminal conduct.

14       Have you and Mr. Gomric talked about how these

15   statutory factors outside the guidelines might apply to your

16   case?

17       *THE DEFENDANT:*  Yes, Your Honor.

18       *THE COURT:*  Do you understand that a presentence

19   report will be completed to assist the Court in sentencing?

20       *MS. SCOTT:*  Your Honor, this was pre-plea -- or a pre

21   -- pre -- he had a PSR done before he plead.

22       *THE DEFENDANT:*  I already done it.

23       *THE COURT:*  Oh, okay.  All right.  Thank you.

24       *MR. GOMRIC:*  For the record, that was prepared while

25   Mr. Bechel was represented by prior counsel.

1          *THE COURT:*  Okay.  All right.  Okay, it's already

2     done.  Has the -- has the period run for comment?  Has the

3     comment period run yet?

4          *MS. SCOTT:*  I believe the objection period --

5          *THE COURT:*  Yes.

6          *MS. SCOTT:*  -- has run, but I'm sure Judge Herndon, in

7     light of the current -- the fact that he has just now plead, he

8     will probably extend it.

9          *THE COURT:*  I just want to know if he still has the

10    opportunity to challenge it or if that's already run.

11         *MR. GOMRIC:*  The window of opportunity has clearly

12    run, the PSR was prepared long ago.

13         *THE COURT:*  Okay.

14         *MR. GOMRIC:*  And I will amplify that statement made by

15    counsel for the prosecution, which is I'm quite confident as

16    well that Judge Herndon will afford us future opportunity to

17    either object or to comment upon the PSR that's previously been

18    promulgated.

19         *THE COURT:*  All right.  Very good.

20         Mr. Bechel, do you understand that under some

21    circumstances you or the Government may have the right to

22    appeal any sentence that Judge Herndon might impose; however,

23    you are waiving most of your appellate rights?  You understand

24    that?

25         *THE DEFENDANT:*  Yes, Your Honor.

1          *THE COURT:*  Do you understand that parole has been

2    abolished, if you're sentenced to prison, you will not be

3    released on parole?

4          *THE DEFENDANT:*  Yes, Your Honor.

5          *THE COURT:*  Do you understand that if the sentence is

6    more severe than you expected, you will still be bound by your

7    plea and have no right to withdraw it?

8          *THE DEFENDANT:*  Yes, Your Honor.

9          *THE COURT:*  Okay.  I've been handed a document here

10   entitled factual stipulation.  And you can pass that plea

11   agreement back, Mr. -- oh, I got it.  And just for the record,

12   I don't think I asked when we were going over this plea

13   agreement, you reviewed this plea agreement, Mr. Gomric, and

14   signed on your client's behalf?

15         *MR. GOMRIC:*  We reviewed it at 9:15, and we reviewed

16   it again just a couple of minutes ago, Judge.

17         *THE COURT:*  All right.  And Ms. Scott, you reviewed it

18   and signed on behalf of the Government?

19         *MS. SCOTT:*  I did, Your Honor.

20         *THE COURT:*  And just for the record, what Mr. Gomric

21   was talking about, we took a recess of about 15 to 20 minutes

22   and allowed him time to go over it, the plea agreement, again

23   with Mr. Bechel.  All right.

24         Mr. Bechel, I've been handed a document here entitled

25   factual stipulation, three pages.  I'm going to pass that over

1  to you.  I'm going to draw your attention to Page 3.  Is that
2  your signature?
3        *THE DEFENDANT:*  Yes, Your Honor.
4        *THE COURT:*  Anybody force you to sign that?
5        *THE DEFENDANT:*  No, Your Honor.
6        *THE COURT:*  Signed it of your own free will?  Wait a
7  minute, just hold it.  Signed it of your own free will?
8        *THE DEFENDANT:*  Yes, Your Honor.
9        *THE COURT:*  Have you gone over this entire document
10  from beginning to end?
11        *THE DEFENDANT:*  Yes, Your Honor.
12        *THE COURT:*  Is there anything in this document you
13  disagree with?
14        *THE DEFENDANT:*  No, Your Honor.
15        *THE COURT:*  Did you do the things that the Government
16  says that you did in this factual summary?
17        *THE DEFENDANT:*  Yes, Your Honor.
18        *THE COURT:*  Okay.  And Mr. Gomric, you've reviewed
19  this document and signed on behalf of your client?
20        *MR. GOMRIC:*  I have.
21        *THE COURT:*  And Ms. Scott, you signed on behalf of the
22  United States?
23        *MS. SCOTT:*  I did, Your Honor.
24        *THE COURT:*  Okay.  Very good.  You can pass it back
25  now, Mr. Gomric.

1          *MR. GOMRIC:*  Yes, Your Honor.

2          *THE COURT:*  Mr. Bechel, are you pleading guilty

3     because you are guilty?

4          *THE DEFENDANT:*  Yes, Your Honor.

5          *THE COURT:*  You're not pleading guilty for some other

6     reason?

7          *THE DEFENDANT:*  No, Your Honor.

8          *THE COURT:*  The Court will accept the factual

9     stipulation, a three-page document, signed by the parties, as

10    facts to support an entry of a plea of guilty, sufficient to

11    support a plea of guilty, to Counts 1, 2, and 3 of the

12    Superseding Indictment.

13         Ms. Scott, does the Government wish to add to the

14    factual record in any way at this time?

15         *MS. SCOTT:*  No, Your Honor.

16         *THE COURT:*  Alrighty.  Mr. Bechel, I'm going to ask

17    you now how do you plead to Counts 1, 2, and 3 of the

18    Superseding Indictment?

19         *THE DEFENDANT:*  Guilty, Your Honor.

20         *THE COURT:*  Mr. Bechel, since you acknowledge that you

21    are in fact guilty as charged in Counts 1, 2, and 3, since you

22    know your right to a trial, what the maximum possible

23    punishment is, and since you are voluntarily pleading guilty, I

24    will accept your guilty plea.  However, pursuant to Section

25    6B1.1(c) of the guidelines, the District Judge will defer any

1    decision to accept or reject a plea agreement until after --

2    between you and the Government until after he's had an

3    opportunity to consider the presentence report.

4          It is the finding of the Court in the case of the

5    United States of America versus Larry A. Bechel, that the

6    Defendant is fully competent and capable of entering an

7    informed plea, and that his plea of guilty is a knowing and

8    voluntary plea, supported by an independent basis in fact,

9    containing each of the essential elements of the offense.  His

10   plea is therefore accepted.

11         Alrighty.  And again, you said there's already been a

12   presentence investigation report.  Mr. Bechel, you will also --

13   you will be allowed to speak or have your lawyer speak for you

14   at the sentencing hearing.

15         Sentencing in this case, Mr. Bechel, is scheduled for

16   Friday, October the 8th, 2010, at 11:00 a.m.  Friday, October

17   the 8th, 2010, at 11:00 a.m.

18         Do you understand, Mr. Bechel, that's the next time

19   you're due in court?

20         *THE DEFENDANT:*  Yes, Your Honor.

21         *THE COURT:*  Okay.  All right.

22         *THE DEFENDANT:*  Can --

23         *THE COURT:*  You want to --

24         *THE DEFENDANT:*  I just want that wrote down on a piece

25   of paper, if I can have...

1           *MR. GOMRIC:*  I'll make sure.

2           *THE DEFENDANT:*  So that I can remember it.

3           *THE COURT:*  Okay.

4           *THE DEFENDANT:*  You know, that's all I want.

5           *THE COURT:*  Okay.

6           *MR. GOMRIC:*  I'm conveying to him because I will

7    receive electronic notice of said --

8           *THE COURT:*  Okay.

9           *MR. GOMRIC:*  -- but I'm conveying to him the document

10   pertaining that indicates the setting.

11          *THE COURT:*  Okay.

12          *MR. GOMRIC:*  I will also make a note independent of

13   that.

14          *THE COURT:*  Thank you.  All right.  Very good.

15          *THE DEFENDANT:*  Oh, I see it now, October the 8th.

16   October the 8th.  Yeah, I can remember that.

17          *THE COURT:*  Okay.  It is the Court's understanding

18   that the Government contends that Mr. Bechel is not eligible

19   for bail at this time.  Is that correct, Ms. Scott?

20          *MS. SCOTT:*  Yes, Your Honor.

21          *THE COURT:*  Okay.  Therefore this Court orders that

22   Mr. Bechel is to remain in custody pending imposition of the

23   sentence.

24          Anything further, Mr. Gomric, on behalf of Mr. Bechel?

25          *MR. GOMRIC:*  Judge, we have no objection to the Court

1    indicating, there was a previous reference on Page 7 of the

2    plea agreement, we've got two thirds in there.  I don't know if

3    you want to strike the second third and make it a fourth.  I

4    don't know how you feel about it.  I'm easy.

5             THE COURT:  Well, no, I'm glad you said that.  I meant

6    to do it.

7             MR. GOMRIC:  Just for purposes of clarification.

8             THE COURT:  Tell you what we'll do --

9             MR. GOMRIC:  If you want to do it by interlineation.

10            THE COURT:  I am crossing out the second third,

11   writing in fourth.  I'm putting my initials there, I'm dating

12   it July 2, 2010, and I'm going to ask that all the parties

13   initial it also.

14            MR. GOMRIC:  Yes, Your Honor.

15            THE COURT:  So if you would hand that here, I'll just

16   hand the one page over.

17            MR. GOMRIC:  The only other thing, I apologize for --

18            THE COURT:  That's all right.

19            MR. GOMRIC:  -- any omission on my part that

20   precipitated the recess, Judge.

21            THE COURT:  Mr. Gomric, no issues.  All right.  Let

22   Mr. Bechel also, if he can, I know you're shackled there, can

23   you make your initials there.

24                 (Defendant and Mr. Gomric initialed document in

25                  open court.)

1          *THE COURT:*  All right.  Very good.  And Ms. Scott,

2   just so that the record is completely clear.

3                *(Ms. Scott initialed document in open court.)*

4          *THE COURT:*  All right.  Court will be in recess.

5   Mr. Bechel is remanded to the custody of the United States

6   Marshal Service to be held and returned to court on October the

7   8th for sentencing.  Good luck, Mr. Bechel.

8          *THE DEFENDANT:*  Thank you.

9                   * * * * * * * * * *

10                          -oOo-

11          I certify that the foregoing is a correct transcript
    from the record of proceedings in the above-entitled matter.
12   Date:   7/19/10        _/s/ Daveanna Ramsey_
                      Daveanna Ramsey, Official Court Reporter
13

14

15

16

17

18

19

20

21

22

23

24

25