IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-cr-30007-DRH |
| | ) | |
| LARRY A. BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S VERSION OF OFFENSE**

Comes now the United States of America, by and through its attorneys, and for its Version of Offense states as follows:

Bechel is charged in the Superseding Indictment with three counts related to production, transportation, and possession of images of a minor engaging in sexually explicit activity, in violation of Title 18, United States Code, Sections 2251(c)(1), 2251(c)(2)(B), 2252(a)(1), and 2252(a)(4)(B). Defendant pled guilty to all three counts on July 2, 2010, pursuant to a Plea Agreement, R. 83, which was supported by a Stipulation of Facts, R. 84.

Investigation of this case began following execution of a search warrant (issued by Madison County, Illinois, Judge Hackett) on July 28, 2006, of Defendant's home in Madison County, following allegations of child abuse in a state investigation regarding a child other than the one referenced in the instant federal indictment. In the search, authorities located a CD in Defendant's home. The CD contained the sexually explicit photographic images that are the subject of the instant prosecution – i.e., twenty-two photographic images of 16-year-old "S.K." engaged in sexually-explicit activity (lascivious display of genitals and pubic area). (Much later in the investigation, it was determined that the CD contains metadata for each photograph. The metadata

indicate that the photographs ofسexually-explicit activity were taken on March 3 and March 4, 2004, with a Minolta DiMAGE 7i digital camera; the 2006 search also resulted in confiscation of the same type of camera, its camera bag, and accessories; some photographs on the CD show the camera bag and accessories).

Wood River Deputy Otis Steward observed several images on the CD of what he believed constituted child pornography. These images were located in a folder identified as "vancouver 2004 03 08." Another folder (not containing child pornography) was named, "2003-12-18, vancouver." Another folder (not containing child pornography) was named, "2004-01-02, squamish." Squamish is a town located near Vancouver, British Columbia, Canada.

Some of the images in the "vancouver 2004 03 08" folder showed a girl with a birthday cake, on which were the words: "Happy Sweet 16th Birthday Trina." See Exhibits 1A and 1B (marked as Trial Exhibits 85A and 85B), attached hereto.[1] Steward contacted law enforcement authorities in Canada. Constable Rohan Pinto, familiar with the Squamish area, conducted an investigation in Squamish and determined that "Trina" was SK, the minor referenced in the Superseding Indictment. Pinto interviewed SK, who admitted that she was the person in photographs on the CD. SK stated that her date of birth was March 3, 1988, and that she also went by the name, "Trina."

Her date of birth was confirmed in official Canadian passport records supplied by the Canadian Government. See Exhibit 2 (Trial Exhibit 12), attached hereto (at the time scheduled for trial, SK was reportedly in Australia at a location unknown to the Government. Exhibit 2 confirms

---

[1] With respect to attached photographic exhibits taken from Bechel's CD, where an exhibit number is followed by a letter, the "A" exhibit references the image as it appears on the CD; the "B" exhibit references the same image with metadata (from the CD) imprinted on the image.

2

SK's date of birth and also indicates that she applied for a new passport in Australia when her original passport was stolen).

After learning from Pinto that the images on the CD were of a minor, Steward contacted federal authorities, and the case was then further investigated by ICE agents, who received further investigative support from Canadian authorities.

Exhibit 3 (Trial Exhibit 5A), attached hereto, are official ICE records of border crossings showing that Bechel traveled to from Vancouver on the following dates:

| **Arrived Vancouver** | **Departed Vancouver** | **Exhibit 5A Page Nos.** |
|---|---|---|
| 11/29/03 | 12/6/03 | 10 - 11 |
| 12/19/03 | 1/1/04 | 3 - 4 |
| 2/29/04 | 3/7/04 | 9 - 10 |

The departure date of March 7, 2004, is the day before the date implied in the CD folder name, "vancouver 2004 03 08."

Investigators also obtained Ramada Inn records showing that Bechel was registered in Room 309 at the Ramada Inn in Vancouver between 2/29/04 and 3/6/04. See Exhibit 4 (TrialExhibit 8), attached hereto (this exhibit also shows that Bechel was registered for Room 505 between 11/29/03 and 12/6/03). At least one of the photos on the CD depicts the phone in the room; the phone is marked, "Room 309." See Exhibits 5A and 5B (Trial Exhibits 90A and 90B), attached hereto. The period of Febraury 29, 2004, through March 6, 2004, encompasses the dates shown in the metadata for the sexually explicit images (March 3 and 4, 2004).

Exhibits 6A and 7 (Trial Exhibits 30B and 70A), attached hereto, show SK on a bed in Ramada Inn Room 309; next to the bed is a night stand, on which is a copy of a newspaper, the *National Post*. Exhibits 6B and 8 (Trial Exhibits 30C and 70G) are enlargements of the newspaper. Although the date of the newspaper is not visible in the photographs, it is possible to determine several words in the headline of the front page: ". . .IA FIRED FOR OLYMPIAN . . . ." (These words are clearer when the CD is viewed on a computer screen rather than in print). Law enforcement agents contacted the librarian at the *National Post* and asked for a copy of the newspaper, issued in early March, 2004, containing the above-quoted words; the librarian for the newspaper furnished to the agents a copy of the front page of the newspaper containing the headline, "VIA BOSS FIRED FOR OLYMPIAN ERROR"; the date on the newspaper is March 2, 2004. See Exhibit 9 (Trial Exhibit 71), attached hereto. As previously stated, the metadata on each of the sexually explicit photos on the CD is either March 3, 2004, or March 4, 2004.

Exhibit 10 (Trial Exhibit 88B), attached hereto, places Bechel in Ramada Inn Room 309, kissing SK; the date provided by the metadata is 3/3/04.

Thus, when considered together, the photographs, the metadata, the *National Post* date, the Ramada Inn records, and SK's passport information all indicate that SK was in fact 16 at the time the photos were taken. The birthday cake, and the general appearance of SK in the photographs, indicate that Bechel knew that SK was 16, a fact confirmed in his admissions to agents, which are discussed below.

The metadata also indicate that Bechel downloaded the images from the flash card of his camera onto a computer on March 8, 2004, the day after he returned from Canada.

On December 17, 2008, Bechel made a statement to ICE Agents Aaron Chapman and John Taylor concerning his activities; in the statement, Bechel admitted that:

A. He met the minor ("SK") on the internet when she was 15 years old.

B. He became interested in having an intimate relationship with her.

C. He twice traveled to British Columbia, Canada, in 2004 or 2005 with the intention of having an intimate relationship with her.

D. On the second trip, he had sex with SK and took nude pictures of her on her sixteenth birthday.

E. He took the pictures with a digital camera, which he later brought back from Canada to Wood River, Illinois, where he downloaded the images, first onto a computer, and then from the computer onto a compact disk (CD), which was later recovered when agents exercised a search warrant.

F. Bechel was only interested in an intimate relationship with SK, and as a result, they eventually stopped seeing each other.

See Exhibits 11 and 12 (Trial Exhibits 10 and 102), attached hereto.

Defendant has admitted the following facts in the Stipulation of Facts entered between the parties on July 2, 2010, at the time of the plea:

    1.    Between February 9 and March 7, 2004, Defendant Larry A. Bechel traveled to Canada from his residence in Wood River, Illinois, in the Southern District of Illinois, with the purpose of having sexual intercourse with a minor, S.K., who resided in Canada. Bechel used, persuaded, induced and/or enticed S.K. to engage in sexual conduct while in Canada with the intent to take photographs of this sexually explicit conduct. Using his digital camera, Bechel took numerous nude photographs of S.K. while in Canada and while S.K. was engaged in the sexually explicit conduct. Twenty-two of these photographs depict S.K., a minor, engaging in sexually explicit conduct because the photographs depict the

5

lascivious display of S.K.'s genitals.  Bechel then transported these photographs from Canada to his residence in Wood River, Illinois, on a memory card installed inside the digital camera used to take the visual depictions of S.K. engaging in sexually explicit conduct.

2.      When Bechel returned to his residence on March 7, 2004, he downloaded the photographs, including the twenty-two visual depictions of a minor engaging in sexually explicit conduct , from his memory card to his computer, which he later used to make a compact disk (CD) of the images.  These images were located in a folder entitled "Vancouver 2004 03 08."  The file containing these images had a creation date of March 8, 2004.[2]  Bechel possessed the CD containing the visual depictions of a minor engaging in sexually explicit conduct from on or about March 8, 2004, until it was recovered during a search of Bechel's home on July 28, 2006.

3.      Defendant Bechel provided a voluntary statement to ICE agents on December 17, 2008.  Bechel stated that he met S.K. on the internet and began chatting with her.  Bechel stated that he was interested in an intimate relationship with S.K., and that he knew S.K. was 15 years old at the time.  Bechel acknowledged that he traveled to Canada on two separate occasions to see S.K. with the intent of having sexual intercourse with S.K.  On his second trip to Canada, Bechel rented a hotel room in Vancouver, Canada, and stayed there with S.K.  Bechel stated that, while in the hotel room with S.K., he had sexual intercourse with her and also took nude photographs of her on S.K.'s sixteenth birthday.[3]  Bechel took the pictures using a digital camera with a memory card inserted in the camera.  Bechel stated that he transported the camera and memory card from Canada to the United States.  Bechel stated that, when he arrived home, he removed the memory card from his digital camera and connected it to a computer at his residence in Wood River, Illinois.  Bechel downloaded the images of S.K., including the visual depiction of her engaged in sexually explicit conduct, to this computer and then used this computer to make a CD containing the images.  Bechel stated that, after the search of his residence by the Wood River Police Department, he

---

[2]March 8, 2004, is the "creation date" of the images on the *computer* – i.e., the date on which the images were transferred from the camera's compact flash card to the computer, as is indicated by the metadata on the CD.  As stated previously, the images (according to the metadata on the CD) were *originally taken* on March 3 and 4, 2004.

[3]Although Bechel recalled only two trips to Canada, the Government has obtained evidence of three such trips.  See Exhibit 3 (Trial Exhibit 5A).  The CD contains other, non-pornographic images of S.K. and Bechel in the folders named "2003-12-18, vancouver," and "2004-01-02, squamish."  The metadata associated with these files indicates dates of photographs taken during the periods identified by the documentary evidence.  See, e.g., Exhibit 13 (Trial Exhibit 79B) (photo of Bechel and SK, dated 12/6/03), and Exhibits 14A and 14B (Trial Exhibits 83A and 83B) (photo of SK with Christmas stocking labeled "Trina Bechel," dated 12/30/03).  Regardless of the number of trips, the parties agree that the sexually explicit photographs were taken March 3-4, 2004, in Bechel's final trip to Canada.

destroyed the hard drive of the computer that he used to make the CD because he knew it had the visual depiction of S.K. engaging in sexually explicit conduct on it, and he did not want to get into trouble for having the images.  Bechel therefore knew that the images of the lascivious display of S.K.'s genitals constituted visual depictions of a minor engaged in sexually explicit conduct.

4. These twenty-two depictions of a minor engaging in sexually explicit conduct were produced by the use of a Minolta Co., LTD Camera, Model DiMAGE 7i digital camera which was manufactured in Japan.  Therefore, the visual depictions were produced using materials that were mailed, shipped or transported in interstate commerce.

The following is a list of the exhibits that the Government intended to introduce at trial, each of which the Government would have proved constituted sexually explicit activity – that is, a lascivious display of SK's genitals or pubic area (these images are not attached, but have been made available to defense and may be viewed *in camera* if necessary) (the exhibit number in the left-hand column was the intended trial exhibit number; the "Image" number is the image number that appears on the CD):

| | |
|---|---|
| **30-A** | Image 080:  SK kneeling on bed, naked, pubic area and breasts exposed; SK holding rose; *National Post* is on night stand (3/3/04) |
| **31-A** | Image 081:  SK naked, pubic area exposed; SK lying cross-wise on bed, rose in her left hand across chest (3/3/04) |
| **32-A** | Image 082:  SK naked, lying face down on bed, pubic area exposed from rear (3/3/04) |
| **33-A** | Image 083:  SK naked, pubic area and breasts exposed; SK on bed, leaning on her right elbow, rose at lips (3/3/04) |
| **34-A** | Image 084:  SK naked on bed, legs spread, exposing pubic area; rose partially covering pubic area; primary focus is on pubic area; face is not shown (3/3/04) |
| **35-A** | Image 085:  SK naked on bed, pubic area and breasts exposed; feet tucked under knees; rose in both hands (3/3/04) |
| **36-A** | Image 086: SK naked on bed, head in foreground; flower at chin; pubic area and breasts exposed (3/3/04) |

| 37-A | Image 089:  SK naked on bed, pubic area and breasts exposed; SK is sitting, leaning on her left hand, legs bent at knees; she holds flower in right hand (3/3/04). |
|---|---|
| 38-A | Image 090:  Photo from rear, solely of pubic area and thighs; no face is shown (3/3/04). |
| 39-A | Image 092:  SK naked on bed, pubic area and breasts exposed, hands on knees (3/3/04) |
| 40-A | Image 093:  SK lying naked on bed, pubic area exposed in foreground; breasts exposed; primary focus is on pubic area (3/3/04) |
| 41-A | Image 153:  SK naked on unmade bed, pubic area and breasts exposed; SK smiling, leaning on her right hand; bedspread partially removed from bed (3/4/04) |
| 42-A | Image 154:  Image solely of pubic area and buttocks (3/4/04) |
| 43-A | Image 155:  Image is solely of pubic area, buttocks, and thighs (3/4/04) |
| 44-A | Image 158:  SK naked on unmade bed, pubic area exposed; SK's hands cover her mouth and breasts; a towel is on her head (3/4/04) |
| 45-A | Image 159:  SK naked on unmade bed, pubic area and breasts exposed; towel is on her head (3/4/04) |
| 46-A | Image 160:  SK naked on unmade bed, pubic area and breasts exposed; towel is on her head (3/4/04) |
| 47-A | Image 161:  Image solely of fingers spreading labia (3/4/04) |
| 48-A | Image 162:  Image solely of pubic area (3/4/04) |
| 49-A | Image 163:  SK naked on bed, pubic area and breasts exposed; towel on SK's head; SK's eyes closed; primary focus is on pubic area (3/4/04) |
| 50-A | Image 164:  SK naked on unmade bed, pubic area and breasts exposed: SK's knees are raised; legs are spread to reveal pubic area (3/4/04) |
| 51-A | Image 165:  SK standing, pubic area and breasts exposed; SK is holding pubic area with hands (3/4/04) |

Each of these photos was on the CD recovered from Bechel's residence during execution of the search warrant in 2006.

Each of these photographs is a visual depiction of a minor engaging in sexually explicit conduct – ie., a lascivious display of a person's genitals or pubic area (see 18 U.S.C. § 2256(2)(A) because each image satisfies one or more of the factors set forth in *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), affirmed *sub nom. United States v. Weigand,* 812 F.2d 1239 (9th Cir. 1987) – that is:

1) whether the focal point of the visual depiction is on the minor's genitals or pubic area;
2) whether the setting of the visual depiction is sexually suggestive – that is, in a place or a pose generally associated with sexual activity;
3) whether the minor is depicted in an unnatural pose, or in inappropriate attire, considering the age of the minor;
4) whether the minor is fully or partially clothed, or nude;
5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*See United States v. Noel*, 581 F.3d 490, 499-500 (7th Cir. 2009) (citing *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986)).

## **ELEMENTS**

In the Plea Agreement, the parties agreed that the following constitute the essential elements of the offense of Sexual Exploitation of a Minor, as charged in Count 1 of the Indictment:

FIRST:   the defendant employed, used, persuaded, induced, enticed, or coerced any minor to engage in any sexual conduct outside of the United States;

SECOND:   the defendant employed, used, persuaded, induced, enticed, or coerced any minor to engage in such sexually explicit conduct for the purpose of producing any visual depiction of such conduct; and

THIRD:   the defendant transported such visual depiction to the United States.

The parties also agreed that the following constitute the essential elements of the offense of Transportation of a Depiction of a Minor Engaging in Sexually Explicit Conduct, as charged in Count 2 of the Superseding Indictment:

FIRST: the defendant knowingly transported a visual depiction in interstate or foreign commerce by any means, including by computer;

SECOND: the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct;

THIRD: such visual depiction is of a minor engaged in sexually explicit conduct; and

FOURTH: the defendant knew that at least one of the performers in such visual depiction was a minor, and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

The parties also agreed that the following constitute the essential elements of the offense of Possession of Matter Containing a Depiction of a Minor Engaging in Sexually Explicit Conduct, as charged in Count 3 of the Superseding Indictment:

FIRST: the defendant knowingly possessed one or more matters which contained any visual depiction of a minor engaged in sexually explicit conduct;

SECOND: such visual depiction had been mailed, shipped, or transported in interstate or foreign commerce by any means, including by computer, or that was produced using materials that had been so mailed, shipped or transported in interstate or foreign commerce by any means, including by computer;

THIRD: the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, and the visual depiction was of such conduct; and

THIRD: the defendant knew that the visual depiction involved the use of a minor engaging in sexually explicit conduct.

In the Plea Agreement, the Defendant agreed and admitted that his conduct violated the above elements for the crimes charged in Counts 1 - 3 of the Superseding Indictment.

## GUIDELINE CALCULATION

In the Plea Agreement, the parties agreed that the following Guideline provisions were applicable:

| Section | Description | Level |
|---|---|---|
| 2G2.1(a) | Base Level | 32 |
| 2G2.1(b)(2)(A) | Offense involved sexual act or sexual contact | +2 |
| 2G2.1(b)(2)(A) | Offense involved use of computer | +2 |
| 4B1.5(b)(1) | Defendant engaged in pattern of activity involving prohibited sexual contact | +5 |
| SUBTOTAL: | | 41 |
| 3E1.1 | Acceptance of Responsibility | -3 |
| TOTAL: | | 38 |

With Offense Level 38 and Criminal History I (one criminal history point), the Sentencing Range was 235-293 months, limited by statutory maxima of 240 months for Count 2 and 120 months for Count 3. The fine range is $25,000 - $250,000.

The Government agreed to recommend 240 months on Counts 1 and 2, and 120 months on Count 3. The Government also agreed to recommend, pursuant to 5K1.1, that Defendant be

sentenced to 180 months on Counts 1 and 2, and 120 months on Count 3, all concurrent with each other.

                                                Respectfully submitted,

                                                A. COURTNEY COX
United States Attorney

                                                s/Stephen B. Clark
STEPHEN B. CLARK and
ANGELA SCOTT
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, IL 62208
Phone: 618-628-3700
Fax: 618-628-3730
E-Mail: Stephen.Clark@usdoj.gov
        Angela.Scott@usdoj.gov

12

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 09-cr-30007-DRH |
| | ) | |
| LARRY A. BECHEL, | ) | |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2010, I caused to be electronically filed **GOVERNMENT'S VERSION OF OFFENSE** using the CM/ECF system which will send notification of such filing to the following:

James Gomric, gomric@compu-type.net

Respectfully submitted,

A. COURTNEY COX
United States Attorney


s/Stephen B. Clark
STEPHEN B. CLARK and
ANGELA SCOTT
Assistant United States Attorneys
Nine Executive Drive
Fairview Heights, IL 62208
Phone: 618-628-3700
Fax: 618-628-3730
E-Mail: Stephen.Clark@usdoj.gov
           Angela.Scott@usdoj.gov