UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| United States of America,<br><br>　　　Plaintiff,<br><br>v.<br><br>Larry A. Bechel,<br><br>　　　Defendant,<br>================================<br>Olin Corporation, Pension Department,<br><br>　　　Garnishee. | Case No. 3:09CR30007-001-DRH<br><br>**FILED**<br><br>MAY 17 2011<br><br>CLERK, U.S. DISTRICT COURT<br>SOUTHERN DISTRICT OF ILLINOIS<br>EAST ST. LOUIS OFFICE |

## WRIT OF CONTINUING GARNISHMENT

GREETINGS TO: Olin Corporation, Pension Department

An application for a Writ of Continuing Garnishment against the property of Larry A. Bechel, defendant, has been filed with this Court. A judgment has been entered against the above-named defendant and there is presently owing the amount of $25,275.00, including costs and interest, computed through May 16, 2011, from defendant, Larry A. Bechel. The United States is represented by Gerald M. Burke, Assistant United States Attorney, Nine Executive Drive, Fairview Heights, Illinois 62208. You are required by law to answer in writing, under oath, within ten (10) days, whether or not you have in your custody, control or possession, any property owned by the debtor, including non-exempt, disposable earnings.

Please state whether or not you anticipate paying the debtor any future payments and whether such payments are weekly, bi-weekly or monthly.

You must file the original written answer to this writ within ten (10) days of your receipt of this writ with the United States District Clerk at: 750 Missouri Avenue, East St. Louis, Illinois 62201. Additionally, you are required by law to serve a copy of this answer upon the debtor, Larry A. Bechel, #08130-025, FCI- Forrest City, 1400 Dale Bumpers Road, Forrest City, Arkansas 72336 and upon the United States Attorney, Nine Executive Drive, Fairview Heights, Illinois 62208.

Under the law, there is property which is exempt from this Writ of Garnishment. Property which is exempt and which is not subject to this order is listed on the attached Claim for Exemption form. <u>All non-exempt property belonging to Larry A. Bechel, must be withheld from and retained by you pending further order of the Court. At that time, payment can be made payable to the Clerk, U.S. District Court and mailed to the Clerk at 750 Missouri Avenue, East St. Louis, IL 62201.</u>

Pursuant to 15 U.S.C. §1674, Garnishee is prohibited from discharging the defendant from employment by reason of the fact that his earnings have been subject to garnishment for any one indebtedness.

If you fail to answer this writ or withhold property in accordance with this writ, the United States of America may petition the Court for an order requiring you to appear before the Court. If you fail to appear or do appear and fail to show good cause why you failed to comply with this writ, the Court may enter a judgment against you for the value of the debtor's non-exempt property. It is unlawful to pay or deliver to the defendant any item attached by this writ. Additionally, you may be held liable for a reasonable attorney's fee to the United States of America. Questions are to be directed to the United States Attorney's Office, Nine Executive Drive, Fairview Heights, Illinois 62208.

Date 5/17/11

NANCY ROSENSTENGEL
United States District Court Clerk

By: *Ileana Bunkley*
Deputy Clerk

# CLAIM FOR EXEMPTION FORM
# EXEMPTIONS UNDER FEDERAL LAW (18 U.S.C. § 3613)

NOTE: 18 U.S.C. § 3613(a), the federal statute governing liens arising from criminal fines and restitution obligations, generally incorporates the exemptions available to individual taxpayers under the Internal Revenue Service Code.

I claim that the exemption(s) from enforcement which are checked below apply in this case:

_____ 1. Wearing apparel and school books.--Such items of wearing apparel and such school books as are necessary for the debtor or for members of his family.

_____ 2. Fuel, provisions, furniture, and personal effects.--So much of the fuel, provisions, furniture, and personal effects in the Debtor's household, and of the arms for personal use, livestock, and poultry of the debtor, as does not exceed **$6,250** in value.

_____ 3. Books and tools of a trade, business, or profession.--So many of the books, and tools necessary for the trade, business, or profession of the debtor as do not exceed in the aggregate **$3,125** in value.

_____ 4. Unemployment benefits.--Any amount payable to an individual with respect to his unemployment (including any portion thereof payable with respect to dependents) under an unemployment compensation law of the United States, of any State, or of the District of Columbia or of the Commonwealth of Puerto Rico.

_____ 5. Undelivered mail.--Mail, addressed to any person, which has not been delivered to the addressee.

_____ 6. Certain annuity and pension payments.--Annuity or pension payments under the Railroad Retirement Act, benefits under the Railroad Unemployment Insurance Act, special pension payments received by a person whose name has been entered on the Army, Navy, Air Force, and Coast Guard Medal of Honor roll (38 U.S.C. 1562), and annuities based on retired or retainer pay under Chapter 73 of Title 10 of United States Code.

_____ 7. Workmen's Compensation.--Any amount payable with respect to compensation (including any portion thereof payable with respect to dependents) under a workmen's compensation law of the United States, any State, the District of Columbia, or the Commonwealth of Puerto Rico.

_____    8.    Judgments for support of minor children.--If the debtor is required by judgment of a court of competent jurisdiction, entered prior to the date of levy, to contribute to the support of his minor children, so much of his salary, wages, or other income as is necessary to comply with such judgment.

_____    9.    Certain service-connected disability payments.-- Any amount payable to an individual as a service-connected (within the meaning of section 101(16) of Title 38, United States Code) disability benefit under--(A) subchapter II, III, IV, V, or VI of Chapter 11 of such Title 38 or (B) Chapter 13, 21, 23, 31, 32, 34, 35,37, or 39 of such Title 38.

_____    10.   Assistance under Job Training Partnership Act.
               --Any amount payable to a participant under the Job Training Partnership Act (29 U.S.C. 1501 et seq.) from funds appropriated pursuant to such Act.

_____    11.   Minimum exemptions for wages, salary and other income. The exemptions under 26 U.S.C. § 6334(a)(9) do not apply in criminal cases. The exceptions under the Consumer Credit Protection Act, 15 U.S.C. § 1673, for disposable earnings, automatically apply and do not need to be claimed. The aggregate disposable earnings of an individual for any workweek which is subjected to garnishment may not exceed (1) 25 % of his disposable earnings for that week, or (2) the amount by which his disposable earnings for that week exceed thirty times the Federal minimum hourly wage in effect at the time the earnings are payable, whichever is less.

The statements made in this claim of exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty of perjury that they are true and correct.

_____    I hereby request a court hearing to decide the validity of my claims. Notice of the hearing should be given to me by mail at:

(_____) or telephonically at (_____)
     Address                                              Phone No.


_____
Debtor's printed or typed name


_____
Signature of debtor                Date