IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

LARRY BECHEL,

Defendant.

No. 09-CR-30007-DRH

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court defendant's motion for free copies (Doc. 133). Specifically, defendant asks for the following: transcripts, discovery, plea agreement, PSI, grand jury transcripts. He claims that he needs these documents to appeal his conviction and sentence.

Section 28 U.S.C. § 753(b), as construed by the Seventh Circuit, allows an indigent defendant to obtain free copies of documents in the court's file if he shows that he has exhausted all other means of access to the file and that the documents are necessary for the preparation of some specific non-frivolous court action. *See United States v. Wilkinson*, 618 F.2d 1215, 1218-19 (7th Cir. 1980); *Rush v. United States*, 559 F.2d 455, 459 (7th Cir. 1977).

Here, defendant's motion is clearly insufficient. His motion is silent as to whether he has exhausted his other sources – his previous attorneys - for obtaining

the court documents he seeks. Further, defendant fails to demonstrate that he needs the transcripts for a non-frivolous action. The record reveals that Bechel neither appealed his sentence and conviction nor did he file a 28 U.S.C. § 2255 petition. The Court notes that time to appeal his conviction and judgment has long passed as he was sentenced on August 12, 2010, almost three years ago. Further, the Court notes that the time to file a 28 U.S.C. § 2255 petition also has long passed as that petition has a one year statute of limitations.1 Accordingly, the Court **DENIES** defendant's motion for copies (Doc. 133).

**IT IS SO ORDERED**.

Signed this 28th day of May, 2013.

Digitally signed by David R. Herndon
Date: 2013.05.28 10:35:21 -05'00'

**Chief Judge**
**Un**ited States District Judge

---

1 As affirmed by the Supreme Court in *Clay v. United States,* "for the purpose of starting the clock on § 2255's one-year limitation period ... a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." 537 U.S. 522, 525 (2003). The Court further delineated that the time to petition for certiorari expires 90 days after entry of the Court of Appeals' judgment. *Id.*